UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINE M. HAGAN as
Personal Representative
and as GUARDIAN Ad LITEM
for CONNOR HAGAN, a minor,

                                NO. CIV. S-07-1095 LKK/DAD

        Plaintiffs,

   v.                                O R D E R

CALIFORNIA FORENSIC
MEDICAL GROUP, et al.,

        Defendants.
_____/

    Plaintiff Christina Hagan, on behalf of herself, her minor son, Connor Hagan, and her deceased husband, Michael Hagan, has brought this action against defendants California Department of Corrections and Rehabilitation ("CDCR"), the California Forensic Medical Group, and the County of Butte. The complaint includes an Eighth Amendment claim under 42 U.S.C. § 1983 as well as various state law claims. Pending before the court is CDCR's motion to dismiss, which argues that the state is immune from suit under the Eleventh Amendment. The court resolves the motion on the parties'

1

papers without oral argument. For the reasons explained below, the motion is granted.

## I. Background

Plaintiffs Christina Hagan and Connor Hagan are the widow and minor son, respectively, of the decedent in this action, Michael Hagan.[1] FAC ¶¶ 1, 2. Defendant CDCR is a governmental entity and a subdivision of the state of California responsible for the operation of the High Desert State Prison (HDSP) and the provision of medical services to inmates housed at that facility. FAC ¶ 5.

Plaintiffs allege that defendant CDCR knew that Mr. Hagan, an inmate, was an asthmatic with severe breathing problems but intentionally deprived him of necessary medical treatment, which resulted in his death. FAC ¶ 18. Plaintiffs have brought an Eighth Amendment claim under section 1983 against CDCR as well as various state law claims, including wrongful death, FAC ¶¶ 17-25, medical malpractice, FAC ¶¶ 43-48, and intentional infliction of emotional distress, FAC ¶¶ 64-70.

## II. Standard

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic

---

[1] The caption of the complaint states that Christina Hagan has brought this action "as Personal Representative and as Guardian Ad Litem for Connor Hagan." The court will presume that Ms. Hagan has brought this action as a personal representative for the estate of Michael Hagan (although not expressly stated), given that the complaint attempts to assert Michael Hagan's Eighth Amendment rights.

Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Id. at 1964-65.

As the Supreme Court observed, Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 1965 n.3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify the "grounds" on which that claim rests. Id. "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004).[2]

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6

---

[2] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 127 S. Ct. at 1968.

3

1  (1963).  In general, the complaint is construed favorably to the
2  pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
3  overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800
4  (1982).  That said, the court does not accept as true
5  unreasonable inferences or conclusory legal allegations cast in
6  the form of factual allegations.  W. Mining Council v. Watt, 643
7  F.2d 618, 624 (9th Cir. 1981).

### III. Analysis

**A. Section 1983 Claim**

10       Plaintiffs' section 1983 claim alleges that CDCR violated
11  Mr. Hagan's Eighth Amendment rights against cruel and unusual
12  punishment.  Prison officials may be held liable under the
13  Eighth Amendment for their deliberate indifference to an
14  excessive risk to inmate health and safety.  Farmer v. Brennan,
15  511 U.S. 825, 837 (1994).

16       The Eleventh Amendment bars suit against a state as well as
17  "arms of the state" in federal court.  Alabama v. Pugh, 438 U.S.
18  781 (1978); Hans v. Louisiana, 134 U.S. 1 (1890); Will v.
19  Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).  The
20  Eleventh Amendment does not bar suit, however, where state
21  sovereign immunity has been abrogated by a federal statute
22  passed under section 5 of the Fourteenth Amendment or where
23  immunity has been expressly waived by the state.  Seminole Tribe
24  of Fla. v. Florida, 517 U.S. 44 (1996); Florida Dep't of Health
25  and Rehabilitative Servs. v. Florida Nursing Home Ass'n, 450
26  U.S. 147 (1981); Port. Auth. Trans-Hudson Corp. v. Feeney, 495

U.S. 299 (1990).[3]

Here, plaintiffs have brought a section 1983 claim against CDCR, which is undisputedly an "arm of the state" for Eleventh Amendment purposes. While section 1983 is the basis for suits against local governments, local government officers, and state officers, the state is not a "person" for purposes of that statute. Quern v. Jordan, 440 U.S. 332, 345 (1979) (noting that section 1983 "does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability"); Will, 491 U.S. at 64-65. Furthermore, California has not waived its sovereign immunity.[4] Accordingly, the Eleventh Amendment bars plaintiff's section 1983 claim.

**B. State Law Claims**

With respect to plaintiffs' remaining state law claims against CDCR, they suffer the same fate. "[A] claim that state

---

[3] Moreover, of course, plaintiff may sue those state employees whose tortious conduct caused harm. Plaintiff makes no such claim in the instant case.

[4] Waiver requires "the most express language or [] such overwhelming implications from the text as (will) leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974) (internal quotation marks omitted). Plaintiffs argue that the California Tort Claims Act, Cal. Gov. Code § 800, et seq., waives immunity. While that statute waives immunity for suit in state court, it does not waive immunity for suit in federal court. Riggle v. California, 577 F.2d 579, 586 (9th Cir. 1978) ("The California Tort Claims Act does not appear to contain a waiver of immunity which extends further than the California state courts.").

officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).  Accordingly, plaintiff's state law claims against CDCR must also be dismissed.

## IV. Conclusion

For the reasons explained above, the motion to dismiss defendant CDCR (Dock. No. 21) is GRANTED without leave to amend.

IT IS SO ORDERED.

DATED:  February 6, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6