UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINE M. HAGAN as
Personal Representative
and as GUARDIAN Ad LITEM
for CONNOR HAGAN, a minor,

                                                  NO. CIV. S-07-1095 LKK/DAD

      Plaintiffs,

  v.                                                O R D E R

CALIFORNIA FORENSIC
MEDICAL GROUP, et al.,

      Defendants.
_____/

This case centers on the death of Michael Hagan, whose death resulted from complications relating to severe asthma shortly after being transferred from Butte County Jail to High Desert State Prison. Plaintiffs, widow and the child of decedent, bring claims under 42 U.S.C. § 1983 and state law alleging that decedent received inadequate medical care. Defendants are County of Butte, California Forensic Medical Group ("CFMG"), the California Department of Corrections and Rehabilitation ("CDCR") (dismissed), and seven medical staff employed by CDCR.

1

Before the court is the motion by CDCR employees ("employee defendants") to dismiss plaintiff's state law claims against them.[1] Employee defendants argue that plaintiffs' claims are barred by the California Government Claims Act, because plaintiffs failed to file a timely claim.

## I. BACKGROUND[2]

Decedent was transferred to High Desert State Prison, operated by CDCR, on May 11, 2006.  On May 12, 2006, decedent suffered a severe asthma attack, which lead to his death in May of 2006.[3] Plaintiff alleges that one cause of the death was negligent and otherwise wrongful care decedent received from CDCR employees.  In particular, plaintiffs allege that employee defendants mishandled their attempt to intubate decedent, resulting in multiple perforations of decedent's esophagus.

According to the government claims forms filed by plaintiffs, an autopsy was performed on May 20, 2006, and a death certificate was issued on June 8, 2006.  (Defs.' Request for Judicial Notice

---

[1] The employee defendants originally also moved to dismiss plaintiffs' section 1983 claims, but have withdrawn this aspect of their motion.

[2] This background information is taken from the allegations in plaintiffs' Third Amended Complaint unless otherwise noted.

[3] Plaintiffs' complaint alleges that decedent died on May 20, 2006, and this date is used by the employee defendants in their present motion.  Other documents in this case indicate that the date of death was May 16, 2006.  For purposes of the present motion the precise date of death is not material.

2

("RJFN") Ex. A, 8).[4]  The "fact of death" (whatever that is) stated that death resulted from decedent's chronic serious asthma. The autopsy report noted decedent's esophageal perforation, although it was not listed as the cause of death.[5]  (Pls.' Opp'n Mem. 6:26-27). Plaintiffs allege that they received copies of these reports, although they do not indicate when these were received or what steps were necessary to acquire them.

On June 7, 2007, plaintiffs filed suit against the County of Butte and California Forensic Medical Group, a private company providing medical care in Butte County Jail. This original complaint further named as Doe defendants ten "medical staff and/or correctional officers at High Desert State Prison who failed to address decedent's severe pulmonary distress and timely initiate life saving procedures."  (Compl. ¶ 9.)

Plaintiffs' opposition memorandum states that they completed review of decedent's autopsy report in October of 2007, and that only at this time did they suspect that the CDCR employees' conduct in intubating decedent was a contributing cause in decedent's death.

Plaintiffs filed two government claims form against CDCR, on

---

[4] The court takes judicial notice of the claims forms pursuant to Fed. R. Evid. 201(b)(2). However, the forms themselves do not establish the fact or date of these reports for purposes of the present motion, and no other evidence or allegation of these dates has been presented in this motion. These dates are noted here only to provide context.

[5] The record in this case is unclear as to whether the "fact of death" refers to a document separate from the autopsy report, the death certificate or something else.

3

November 13 and 27, 2007, as well as an application for leave to file late claim. (Defs.' RJFN Ex. A, 5, 7.)[6] The California Victim Compensation and Government Claims Board ("Board") rejected these claims, and the application for leave, as untimely.

Plaintiffs filed an amended complaint on December 1, 2007. This amended complaint named CDCR as a defendant. Plaintiffs allege that CDCR withheld decedent's medical records and information identifying the employee defendants until May or June 2008. The Third Amended Complaint, filed December 8, 2008, substituted the named employee defendants for the Doe defendants. The employee defendants subsequently filed the present motion to dismiss.

## II. STANDARD

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 569 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

The Supreme Court recently held that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is

---

[6] Plaintiff's complaint alleges that a claim against CDCR was filed February 27, 2007. (Third Amended Complaint, p. 3.) This allegation was apparently made in error. The claims forms indicate the above dates, and are sufficient to refute an allegation to the contrary. Moreover, plaintiffs' opposition to the present motion uses the November dates.

4

entitled to relief, "rather than a blanket assertion" of entitlement to relief. <u>Id.</u> at 555 n.3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, the Court opined that only factual allegations can clarify the "grounds" on which that claim rests. <u>Id.</u> "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> at 555, quoting 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u>, § 1216, pp. 235-36 (3d ed. 2004).[7]

On a motion to dismiss, the allegations of the complaint must be accepted as true. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>See</u> <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). In general, the Complaint is construed favorably to the pleader. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982). Nevertheless, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

---

[7] The holding in <u>Twombly</u> explicitly abrogates the well established holding in <u>Conley v. Gibson</u> that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); <u>Twombly</u>, 550 U.S. at 560.

### III. ANALYSIS

**A.  California Government Claims Act**

For any state law cause of action seeking damages against a California state or local government entity, the plaintiff must demonstrate compliance with the California Government Claims Act, Cal. Gov. Code section 900 et seq.  Pursuant to this act, presentation of a timely claim to the appropriate entity--here, the California Victim Compensation and Government Claims Board--is a condition precedent to the commencement of a lawsuit for damages against the State of California or its agencies.  Cal. Gov. Code §§ 905.2, 945.4; see also City of Stockton v. Superior Court, 42 Cal.4th 730, 734 (2007), City of San Jose v. Superior Court, 12 Cal.3d 447, 454 (1974).

The claim filing requirement applies to suits against public employees if it would also apply to a suit against the employer. Cal. Gov. Code § 950.2.  This is true even where, as here, the employer may have an independent immunity from liability.  Id. Although there is an exception to this rule when a plaintiff "pleads and proves that he did not know or have reason to know . . . that the injury was caused by . . . an act or omission of an employee of the public entity in the scope of his employment," Cal. Gov. Code § 950.4, plaintiffs have not shown that they did not have reason to know this, as explained below.  Accordingly, the claim filing requirements may provide a defense for the employee defendants.

To be timely, a claim "relating to a cause of action for death

6

or for injury to person" must be presented "not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2(a). Alternatively, within one year of the accrual of the cause of action, a claimant may apply in writing for permission to file a late claim, and if permission is granted, the claim will be considered timely. Cal. Gov. Code § 911.4. If a claimant requests permission within this one year period but permission is denied, a claimant may petition the proper state court for permission to proceed further, i.e., for relief from section 945.4. Cal. Gov. Code § 946.6. If, on the other hand, a claimant neither filed a timely claim nor an application to file a late claim within a year of the cause of action, no further suit or relief is available.

Plaintiffs' claims against CDCR, and by extension the employee defendants, were filed on November 13 and 27, 2007.[8] Plaintiffs stated that they believed these claims were timely, but they concurrently submitted an application to file a late claim. The Board rejected the claims and application as untimely, for having been filed more than one year since the claims accrued. Nonetheless, plaintiffs insist that these claims were timely, because the accrual of the claim was delayed past the date the injury occurred, because the operative period was tolled, or some combination of the two.

**B. Date of Accrual for Plaintiffs' Claims**

Under the California Tort claims Act, to determine whether a

---

[8] These two claims are essentially identical--the November 27 claim includes several extra lines of explanation.

7

claim is timely, the claim accrues on the date a cause of action would accrue under the statute of limitations applicable if the action was against a private defendant. Cal. Gov. Code § 901.

Ordinarily, a cause of action accrues "when the wrongful act is done and the obligation or the liability arises," i.e., once the plaintiff "is entitled to begin and prosecute an action thereon." United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 596 (1970) (citing (1 Witkin Cal.Procedure (1954) p. 614 et seq.). Applied to this case, the ordinary rule would establish that the cause of action accrued on the day decedent died, in May 2006. See Norgart v. Upjohn Co., 21 Cal.4th 383, 404 (1999) (wrongful death action accrues on the date of death).

The "delayed discovery rule" provides an exception to this ordinary rule. Under this rule, a cause of action accrues "when the plaintiff has some reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (2005), see also Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110 (1988).

Here, it is clear that at the time of death, plaintiffs had reason to suspect both injury and a wrongful cause. The injury was obvious. Plaintiffs' complaint and opposition memorandum allege that prior to decedent's death, plaintiffs believed that decedent was receiving inadequate medical care. Thus, plaintiffs had reason to believe that inadequate medical care at Butte County Jail was

8

a cause of decedent's death.  A potential plaintiff who suspects <u>a</u> wrongful cause "must conduct a reasonable investigation of all potential causes of that injury."  <u>Fox</u>, 35 Cal.4th at 808-809. Thus, even if plaintiffs did not suspect that misconduct on the part of employee defendants caused injury to decedent, plaintiffs were obligated to investigate this possibility.

Plaintiffs therefore bear the burden of showing that a reasonable investigation would not have revealed the basis of their claims against the employee defendants.  To satisfy this burden, plaintiffs "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  <u>Fox</u>, 35 Cal.4th at 808 (quoting <u>McKelvey v. Boeing North American, Inc.</u>, 74 Cal.App.4th 151, 160 (1999)), <u>E-Fab, Inc. v. Accountants, Inc. Services</u>, 153 Cal.App.4th 1308, 1324 (2007).

Plaintiffs have not satisfied either component of this burden. Because plaintiffs have not explained how they eventually discovered the facts underlying their allegations, the court cannot determine whether reasonable diligence would have revealed these facts earlier.  Plaintiffs allege that CDCR withheld decedent's medical records until May 2008.  This withholding cannot explain plaintiffs' failure to discover the factual basis for their cause of action, because plaintiffs allege that they had learned of this basis by October 2007, upon "conclusion of a review of the then available records."  Plaintiffs do not identify what the "then available" records were, state when those records became available

9

1  (as opposed to when plaintiffs' counsel finished reviewing them),
2  or allege facts indicating why those records could not have been
3  discovered earlier.
4       Fox lies in sharp contrast with this case.  In Fox, plaintiff
5  initially filed suit for medical malpractice.  Only later, in
6  deposing defendant physician, did plaintiff learn of a possible
7  products liability claim based on one of the medical devices used.
8  Thus, the complaint alleged exactly when and how plaintiff came to
9  learn of facts giving rise to the products liability action.  Fox,
10 35 Cal.4th at 813.  This information, along with allegations of
11 facts indicating that plaintiff did not suspect and could not have
12 otherwise reasonably discovered the possible product defect, would
13 sufficiently allege delayed discovery and would survive a motion
14 to dismiss.  Id.
15      As a separate basis for delayed discovery, plaintiffs in this
16 case argue that they did not learn the identities of the employee
17 defendants until some time in 2008.  The California Supreme Court
18 has repeatedly held that "failure to discover, or have reason to
19 discover, the identity of the defendant does not postpone the
20 accrual of a cause of action, whereas a like failure concerning the
21 cause of action itself does."  Norgart v. The Upjohn Co., 21
22 Cal.4th 383, 399 (1999); see also Fox, 35 Cal. 4th at 807.
23      Because plaintiffs have not alleged facts sufficient to
24 support application of the delayed discovery rule, the complaint
25 indicates that the cause of action accrued on the date of death,
26 in May 2006.

10

**C. Tolling**

Plaintiffs also argue that the running of the claim filing period was tolled. Specifically, plaintiffs argue that CDCR delayed releasing medical records and the identities of the employee defendants, and that this delay equitably estopps the employee defendants from arguing that the claim was untimely. Even assuming that the filing period for plaintiffs' claims against the employees can be tolled by the acts of the employer, plaintiffs have not alleged facts that support tolling.

A defendant's concealment of the factual basis of a claim effectively tolls the applicable statute of limitations (and therefore the claim filing period) "only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." Bernson v. Browning-Ferris Industries, 7 Cal.4th 926, 931 (1994) (citing Sanchez v. South Hoover Hospital, 18 Cal.3d 93, 99 (1976)). As discussed above, plaintiffs have not alleged facts indicating that CDCR prevented plaintiffs from discovering the factual basis of the causes of action, because plaintiffs have not shown that reasonable diligence would not have revealed this information.[9]

Unlike the delayed discovery rule, equitable estoppel may also toll the statute of limitations when plaintiffs are prevented from filing suit by concealment of all defendants' identities. Bernson,

---

[9] In this respect, equitable estoppel is similar to the delayed discovery rule.

11

7 Cal. 4th at 936. Nonetheless, in this case, plaintiffs' ignorance of the employee defendants' identities did not prevent plaintiffs from filing a claim. A government claim only needs to state "[t]he name or names of the public employee or employees causing the injury, damage, or loss, <u>if known</u>" to the claimant. Cal. Gov. Code § 910(e) (emphasis added); <u>see also</u> <u>Stockett v. Assoc. of Calif. Water Agencies Joint Powers Ins. Auth.</u>, 34 Cal.4th 441, 446 (2004) ("a claim need not contain the detail and specificity required of a pleading."). Plaintiffs in fact filed their claim without naming the individual employees, identifying only CDCR as the "State agencies or employees against whom this claim is filed." Defs.' RFJN Ex. A. Because plaintiffs were not required to name specific employees in their claim, the alleged concealment of those names did not prevent plaintiffs from filing a claim, and therefore concealment did not toll the filing period.

**D.   Remaining Arguments**

Plaintiffs advance two remaining arguments as to why the government claim filing requirement should not bar their state law claims in this suit. First, plaintiffs assert that California's medical malpractice statute somehow prevents application of the claim filing rules. Plaintiffs have provided no argument or authority as to why this should be the case. Second, plaintiffs argue that this court's order allowing the employee defendants to be substituted for Doe defendants, and the employees' non-opposition to that substitution, precludes these defendants from now raising the defense of failure to comply with the Government

12

Claims Act. The fact that employee defendants could properly be named in this suit in no way indicates that the employees are unable to raise this defense.

### IV. CONCLUSION

Because plaintiffs have not alleged facts indicating delayed accrual of their causes of action, the complaint indicates that the cause of action accrued in May of 2006. Because plaintiffs have not alleged facts indicating tolling of the filing period, the last day to file a late claim was in May of 2007. Accordingly, plaintiffs' claims filed in November of 2007 were untimely.

Defendants' motion to dismiss is GRANTED as to plaintiffs' state law claims, and DENIED as to plaintiffs' federal claim. Plaintiffs are granted 20 days to file an amended complaint, alleging the facts not alleged in the present complaint demonstrating a right to proceed.

IT IS SO ORDERED.

DATED: February 19, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13