UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINE M. HAGAN as
Personal Representative
and as GUARDIAN Ad LITEM
for CONNOR HAGAN, a minor,

        Plaintiffs,

  v.

CALIFORNIA FORENSIC
MEDICAL GROUP, et al.,

        Defendants.
_____/

NO. CIV. S-07-1095 LKK/DAD

O R D E R

    This case centers on the death of Michael Hagan, whose death resulted from complications relating to severe asthma shortly after being transferred from Butte County Jail to High Desert State Prison. Plaintiffs, widow and the child of decedent, bring claims under 42 U.S.C. § 1983 and state law alleging that the death was the result of inadequate medical care.

    Defendant County of Butte has filed a motion for summary judgment, which is currently before the court, and which is addressed in a separate order. Plaintiff's memorandum opposing

summary judgment relies on numerous declarations. The County of Butte has filed a motion seeking to exclude most of these declarations, based on Fed. R. Civ. P. 37(c) and various evidentiary objections. For the reasons stated below, this motion is granted in part and denied in part.

**I. ANALYSIS**

**A. Exclusion of Undisclosed Witnesses' Declarations**

Fed. R. Civ. P. 26(a)(1) provides that a

> party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 26(e)(i) imposes a duty on parties to supplement their Rule 26(a) disclosures if the party learns that its disclosures are incomplete or incorrect.

Plaintiffs' opposition to the County's motion for summary judgment relies on numerous declarations. The parties agree that many of these declaring witnesses were not disclosed, either as part of plaintiffs' Rule 26(a) and (e) disclosures or in response to defendants' written discovery requests.[1] Specifically,

---

[1] Defendants' Interrogatory No. 22 asks for "all names, addresses and telephone numbers known to you or to anyone acting on your behalf of all persons who have or claimed to have any knowledge whatsoever of any facts pertaining to the incident referred to in the Complaint herein. This includes identity of all witnesses or other persons who have knowledge of the incident." (Whitefleet Decl. Supp. Reply to Opp'n to Mot. for Summary Judgment, Ex. B, 22.)

2

plaintiffs did not disclose Terrance Haltiwanger, Marshall McMurray, Charles Mitchel, Gregory Woodcox, Edgar Collins, Joey Simpson, Marilyn Gunn, Willie Hyman, Teresa Nelson, or James Mathews.[2] These declarations amount to virtually all of plaintiffs' evidence regarding treatment and medical care of other prisoners in Butte County Jail.[3]

The County moves to exclude these undisclosed witnesses' declarations under Fed. R. Civ. P. 37(c)(1). This rule requires that

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Plaintiffs' response apparently argues that exclusion is inappropriate because disclosure of these witnesses was not required by Rule 26, and in the alternative that failure to disclose was harmless.

**1. Disclosure of These Witnesses Was Mandatory**

Plaintiffs argue that prior disclosure of these witnesses was not required because plaintiffs did not anticipate the need to address the issue of jail policy until the present motion was filed. The claim against the county is, and always has been, a

---

[2] These witnesses' declarations constitute documents numbered 57, 67-2, 67-3, 67-4, 67-5, 67-6, 67-7, 68, 70, and 73.

[3] The only other evidence on this point is provided by the declaration of plaintiffs' counsel. Defendants' objections to this declaration are discussed below.

3

Monell claim. Monell v. N.Y.C. Dept. of Social Services, 436 U.S. 658, 691 (1978). An essential element of such a claim is that there was a policy or custom that caused a deprivation of constitutional rights. Accordingly, plaintiffs cannot seriously contend that prior to the County's motion for summary judgment, plaintiffs "did not contemplate" that they would need to provide evidence on this issue. (Pls. Opp'n to Mot. Strike, 2:21.) See Marin v. Evans, 2008 U.S. Dist. LEXIS 61922, *20-*21 (E.D. Wash. July 23, 2008) ("Since Plaintiffs are relying on these persons to prove the elements of their claims, it is inconceivable that these individuals would not need to be disclosed.").

Plaintiffs then argue that disclosure was not required because "the challenged declarations were made by rebuttal witnesses whose evidence would not otherwise have been discoverable." (Pls.' Opp'n to Mot. to Strike, 3:1-2.) Plaintiffs apparently rely on a misinterpretation of the exception in Rule 26(a) for evidence used "solely for impeachment," conflating "impeachment" with "rebuttal." "Impeachment" in this context refers to attacks on the credibility of a witness. See Black's Law Dictionary 597 (8th ed. 2004). Plaintiff's challenged declarations are being used substantively, rather than for impeachment; the challenged declarations are "offered . . . to demonstrate [that] there is and was a policy of deliberate indifference to the inmate's medical needs." (Pls.' Opp'n to Mot. to Strike, 1:26-28.)

Accordingly, the challenged witnesses should have been disclosed, either as initial disclosures under Rule 26(a),

4

supplemental disclosures under rule 26(e), or in response to defendants' specific discovery requests.

### 2. Plaintiffs' Failure to Disclose Was Neither Substantially Justified Nor Harmless

Rule 37(c) excuses failure to make required disclosures when the failure was "substantially justified" or "harmless." The party facing sanctions bears the burden of showing that either of these exceptions applies. Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. Aug. 26, 2008) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001)), Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001). Even under a generous interpretation of plaintiffs' opposition, plaintiffs have not met either burden.

Several courts have held that substantial justification for failure to disclose exists where there is a reasonable dispute as to whether disclosures were required. See Tolerico v. Home Depot, 205 F.R.D. 169, 176 (M.D. Pa. 2002), Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.N.J. 1997), Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995). Here, however, no reasonable person could have believed that disclosure was not required.

Plaintiffs implicitly argue that the failure to disclose at least some of these witnesses was harmless. Plaintiffs state that five of the declarations were used in other suits in opposition to summary judgment motions brought by the County, and that in those suits, the County was represented by the same law firm. Plaintiffs

therefore imply that because the County had notice of the contents some of these declarations, the County was not prejudiced by the failure to disclose, even though it lacked notice that these declarations would be used in this case.[4]

This argument cannot succeed. Even assuming that the County had knowledge of the facts contained in these declarations, this itself would not allow the County to prepare a appropriate response to plaintiffs' reliance on them here. Such a response may include depositions of these witnesses and a search for other evidence that can be used to refute their testimony, measures that are no longer possible without significant modification of this court's and the parties' schedules. Discovery closed on November 4, 2008. On November 21, 2008, County filed the present motion for summary judgment. Plaintiffs' declarations by undisclosed witnesses were filed in December of 2008.

In other cases where a party opposing summary judgment has relied on undisclosed witnesses, the Ninth Circuit has held that the "[d]isrupstion to the schedule of the court" that would result from allowing such witnesses (and the consequent depositions, etc.) "is not harmless." Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005) (holding that district court did not abuse its discretion in excluding such testimony); see also Hoffman v. Constr. Protective Servs., 541 F.3d 1175, 1180 (9th Cir. 2008) (reprinted as amended at Reynoso v. Constr. Protective Servs., 2008

---

[4] Plaintiffs make no argument as to why notice of some witnesses should excuse the failure to disclose the others.

U.S. App. LEXIS 19681 (9th Cir. Sept. 16, 2008)) (holding that when late disclosure will "most likely require[] the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date . . . the failure to disclose [is] not harmless."), Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). This court is aware of only one Ninth Circuit decision holding that actual knowledge of evidence excused failure to disclose that evidence, and in that case, the evidence, although not properly disclosed, had apparently been made known to the other party in the same case. Fonseca v. Sysco Food Servs. of Ariz., Inc., 374 F.3d 840, 846 (9th Cir. 2004).[5]

Plaintiffs have therefore failed to show that their earlier failure to disclose these witnesses was either substantially justified or harmless.

**3. Sanction for Non-disclosure**

Fed. R. Civ. P. 37(c)(1) provides for a variety of sanctions for failure to make required disclosures. Although the primary sanction is exclusion of improperly disclosed evidence, the rule identifies other sanctions that may be imposed "[i]n addition to or instead of" exclusion.

---

[5] In Fonseca, the court held that plaintiff's "late disclosure was . . . harmless, because [Defendant] had a copy of the [challenged] declaration months before [Plaintiff's] disclosure." 374 F.3d at 846. In addition, Fonseca involved a pro se plaintiff. The court did not explicitly rely on plaintiff's pro se status in its harmlessness analysis, but elsewhere in its opinion, the court noted that "District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings." Id.

7

Notwithstanding this range of options, the advisory committee note makes it clear that exclusion is the ordinary remedy. Exclusion is an "automatic sanction" that ordinarily "provides a strong inducement for disclosure." Fed. R. Civ. P. 37(c) Advisory Committee Note (1993). Despite this ordinary effect, the advisory committee recognized that "preclusion of evidence is not an effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party." Id. Thus, the alternative sanctions are primarily to be imposed where exclusion would not provide an effective deterrent. See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) (citing 7 James Wm. Moore et al., Moore's Federal Practice §§ 37.60[2][b], 37.61 (3d ed. 2002)); but see Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 752 (7th Cir. 2005).

In this case, the improperly disclosed evidence clearly supports plaintiffs rather than defendant. Therefore, exclusion of the undisclosed witnesses' declarations is the appropriate remedy. See also Mathews v. County of Butte, 2:06-cv-286-GEM-JFM, 2 n.4 (E.D. Cal. December 10, 2008) (excluding a similar set of challenged declarations that plaintiffs, also represented by counsel for plaintiffs in this case, had failed to disclose).

**B. Objections to Expert Declaration of Stephan Pardi**

Defendant argues that the declaration of Stephan Pardi consists of opinions that were not disclosed or included as part

of Pardi's initial expert report, thereby violating Fed. R. Civ. P. 26(a)(2). Defendant accordingly argues that this declaration should be excluded under Rule 37(c)(1). Defendants also raise evidentiary objections to many portions of the declaration.

Plaintiffs' responses to these objections do little to clarify the situation for the court. Plaintiffs apparently concedes that the report exceeds the initial disclosure. Plaintiff confusingly states that "[i]t is correct Stephan Pardi did not provide the same information in his deposition within his initial report responding to the question of what happened at High Desert State Prison." (Pls.' Opp'n to Mot. Strike, 4:3-4.) In addition, plaintiffs have not responded to the evidentiary objections, instead stating that "Plaintiffs will not take the Court's time to respond to each and every one of Defendant's specific objections to the remaining declarations, mindful the [sic] Court is far more capable than I of determining the rule of evidence without my assistance."

It is unclear exactly what testimony was undisclosed. If Pardi's declaration includes opinions that were not properly disclosed, the remedy is to exclude those opinions, not the entire declaration. Without an indication as to which parts of the opinion were undisclosed, this court cannot simply exclude the entire opinion. Similarly, the County cursorily objects to many particular statements as based on impermissible hearsay, lacking personal knowledge, or apparent speculation, and neither party has specifically addressed the merits of these objections.

The court need not resolve these questions, because admitting

the Pardi declaration does not influence the resolution of the present motion for summary judgment. As described in this court's separate order, that motion must be denied even if the Pardi declaration is considered.

**C.   Objections to Declaration of Ellen Dove**

Ellen Dove, counsel for plaintiffs, submits a declaration based largely on her own communication with inmates at Butte County Jail. Her declaration includes an exhibit listing "inmates who made contact with counsel Dove on issues relating to physical abuse, mental abuse and deprivation of medications and medical treatment."

Dove's declaration is largely hearsay, recounting statements made to her by various other inmates. Her remaining statements, while not explicitly purporting to be repetition of statements received from inmates, clearly lack personal knowledge. Accordingly, Dove's declaration is excluded.

**D.   Declaration of Christina Hagan**

The declaration of plaintiff Christina Hagan is inadmissible to the extent that it reports statements decedent Michael Hagan made to her regarding conditions in Butte County Jail or makes direct assertions regarding conditions in the jail about which Ms. Hagan lacks personal knowledge. Therefore, the court excludes paragraphs 2, 3, 4, 5, 10, and the portions of paragraphs 6, 7, 8, 9, 11, 12 that relate hearsay or that clearly speak to matters about which Ms. Hagan lacks personal knowledge.

////

## II. CONCLUSION

Plaintiffs argue that anecdotal evidence is often the only way to prove a claim of deliberate indifference to a prisoner's medical needs, and that plaintiffs must be permitted to dispute assertions made by defendant. The court agrees. Nothing in the rules governing discovery or evidence intrinsically prohibits evidence merely because it is anecdotal. The fact that much of plaintiffs' evidence is anecdotal is not the reason it is excluded in this case. Plaintiffs have failed to comply with those rules, and have not shown that that failure should be excused.

For the reasons stated above, Defendant County of Butte's motion to strike is

1. GRANTED as to the declarations of Ellen Dove, Terrance Haltiwanger, Marshall McMurray, Charles Mitchel, Gregory Woodcox, Edgar Collins, Joey Simpson, Marilyn Gunn, Willie Hyman, Teresa Nelson, and James Mathews.
2. GRANTED in part and DENIED in part as to the declaration of Christina Hagan.
3. DENIED as to the declaration of Stephan Pardi.

IT IS SO ORDERED.

DATED: March 5, 2009.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT