UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINE M. HAGAN as
Personal Representative
and as GUARDIAN Ad LITEM
for CONNOR HAGAN, a minor,

NO. CIV. S-07-1095 LKK/DAD

Plaintiffs,

v.                  O R D E R

CALIFORNIA FORENSIC
MEDICAL GROUP, et al.,

Defendants.
_____/

This case centers on the death of Michael Hagan, who died

shortly after being transferred from Butte County Jail to High

Desert State Prison. Plaintiffs, widow and child of decedent,

bring claims under 42 U.S.C. § 1983 and state law alleging that

decedent received inadequate medical care. Defendants are seven

medical staff employed by the California Department of Corrections

and Rehabilitation ("CDCR") and the California Forensic Medical

////

////

1

1  Group.[1]   The CDCR employees (hereafter "defendants") move to

2  dismiss plaintiffs' state law claims against them.   California

3  Forensic Medical Group is not a party to this motion.

4                    **I.  PROCEDURAL BACKGROUND**

5       On February 19, 2009, this court dismissed without prejudice

6  plaintiffs' state law causes of action against the employee

7  defendants.[2]  Doc. No. 92.  The court concluded that these causes

8  of action were barred by the California Government Claims Act, Cal.

9  Gov. Code section 900 et seq.  Plaintiffs' Fourth Amended Complaint

10 ("FAC") realleges these claims.

11      The court described the applicable law in its February 19,

12 2009 order.   With two minor exceptions, neither party has

13 challenged that description, which is summarized here.[3]   Claim

14

15      [1] CDCR and the County of Butte were initially named as
    additional defendants, but have been dismissed by prior orders.

16      [2] Defendants' prior motion had initially also moved to dismiss
    plaintiffs' 42 U.S.C. § 1983 cause of action, but later conceded
17  that this cause of action had been properly alleged. Accordingly,
    the court granted defendants' motion only in part.
18
        [3] Plaintiffs suggest that in determining timeliness, the
19  statute of limitations for medical malpractice actions, rather than
    the time limits imposed by the Government Claims Act, should
20  control.  This argument fails to understand that the Government
    Claims Act requirements are separate from the requirements imposed
21  by the applicable statute(s) of limitations. For this reason, this
    argument was rejected by the February 19, 2009 Order. Order at 12.
22      Plaintiffs also argue that the claim filing requirements
    should not apply, or should be modified, because one of the
23  plaintiffs, Connor Hagan, is a minor.  The prior order did not
    discuss Connor's minority.  Connor's age, although relevant for
24  statute of limitations purposes, does not alter the above claim
    filing requirements. Cal. Gov. Code § 911.4(c)(1), Hernandez v.
25  County of L.A., 42 Cal. 3d 1020, 1029 (1986), followed by Draper
    v. City of L.A., 52 Cal. 3d 502, 507 (1990).  Plaintiffs argue
26  otherwise, but the only authority cited by plaintiffs explicitly

                                    2

filing requirements apply to the state law causes of action.[4]
Pursuant to those requirements, this court lacks jurisdiction over
these causes of action unless a corresponding government tort claim
was filed within six months of the claim's accrual, or an
application to file a late claim was filed within one year. Order,
6-7. In calculating these time periods, the date of accrual of the
claim is the date on which a cause of action would accrue under the
statute of limitations applicable if the action was against a
private defendant, id. at 7-8, and ordinary equitable principles
apply, id. at 11.

Applying this statute to plaintiffs' Third Amended Complaint
("TAC"), the court concluded that plaintiffs' relevant government
claim was untimely, because the claim was filed eighteen months
after the injury occurred. The court granted plaintiffs leave to
file an amended complaint alleging facts that would indicate that
this claim had been timely filed because of, for example, delayed
discovery of the claims or equitable tolling. Plaintiffs filed an
amended complaint. Defendants argue that the Fourth Amended
Complaint fails to cure the deficiencies identified in the Third.
Therefore, the questions presented by the present motion are
whether plaintiffs have alleged facts supporting delayed discovery

---

affirms this view. Curtis T. v. County of Los Angeles, 123 Cal.
App. 4th 1405, 1415 n.9 (2004).

[4] In the remainder of this order, the court uses "cause of
action" to refer to claims alleged in plaintiffs' complaint,
reserving the word "claim" to refer to a government claim filed
pursuant to this act.

1    or tolling.

2                    **II. FACTUAL BACKGROUND**

3         The general factual allegations of the FAC are presented here.

4    Allegations specific to plaintiffs' delayed discovery and tolling

5    theories are provided in the sections discussing those arguments.

6         Decedent was an inmate at Butte County Jail prior to May 11,

7    2006.  At Butte County Jail he allegedly received inadequate

8    medical care, including inadequate treatment for his asthma.  On

9    May 11, 2006, he was transferred to High Desert State Prison,

10   operated by CDCR.  On May 12, 2006, decedent suffered a severe

11   asthma attack, which lead to his death on May 20, 2006.[5]

12   Plaintiffs allege that one cause of death was the improper care

13   provided by the CDCR employees, including a botched attempt to

14   intubate decedent which resulted in numerous punctures of his

15   esophagus.  Plaintiffs filed a government claim relating to this

16   conduct on November 27, 2007.[6]  Plaintiffs now allege that the

17   ultimate cause of death was "pulseless electrical activity," or

18

19        [5] Plaintiffs allege that decedent was declared brain dead on
     May 16, 2006, but that he was kept on life support pending organ
20   donation until May 20, 2006.  FAC ¶ 11.  Plaintiffs use the latter
     date as the date of death.  See, e.g., FAC ¶ 29.  For purposes of
21   this motion, it does not matter which date is the date of death.
     The court uses the latter date.

22        [6] The FAC alleges that this claim form was filed on February
     27, 2007.  FAC ¶ 7.  This allegation appears to be a mistake.
23   Plaintiffs' opposition memorandum repeatedly states that the claim
     was filed on November 27, 2007, see, e.g., Opp'n 7:6.  The claim
24   forms themselves, which were judicially noticed in connection with
     the prior motion to dismiss, confirm this date.  This discrepancy
25   also appeared in the TAC, and was noted by the prior order.  The
     court again takes judicial notice of the claim forms, and uses the
26   latter date.

                                    4

1 PEA. FAC ¶ 47, Decl. of Stephan Pardi Supp. Pls.' Opp'n ¶ 13.

2 ## III. STANDARD

3 In order to survive a motion to dismiss for failure to state
4 a claim, plaintiffs must allege "enough facts to state a claim to
5 relief that is plausible on its face." Bell Atlantic Corp. v.
6 Twombly, 550 U.S. 544, 569 (2007). While a complaint need not
7 plead "detailed factual allegations," the factual allegations it
8 does include "must be enough to raise a right to relief above the
9 speculative level." Id. at 555.

10 The Supreme Court recently held that Federal Rule of Civil
11 Procedure 8(a)(2) requires a "showing" that the plaintiff is
12 entitled to relief, "rather than a blanket assertion" of
13 entitlement to relief. Id. at 555 n.3. Though such assertions may
14 provide a defendant with the requisite "fair notice" of the nature
15 of a plaintiff's claim, the Court opined that only factual
16 allegations can clarify the "grounds" on which that claim rests.
17 Id. "The pleading must contain something more. . . than . . . a
18 statement of facts that merely creates a suspicion [of] a legally
19 cognizable right of action." Id. at 555, quoting 5 C. Wright & A.
20 Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed.
21 2004).[7]

22 On a motion to dismiss, the allegations of the complaint must

23 ----

24 [7] The holding in Twombly explicitly abrogates the well
established holding in Conley v. Gibson that, "a complaint should
not be dismissed for failure to state a claim unless it appears
25 beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief." 355 U.S.
26 41, 45-46 (1957); Twombly, 550 U.S. at 560.

be accepted as true.  See Cruz v. Beto, 405 U.S. 319, 322 (1972).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  See Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  In general, the Complaint is construed favorably to the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  Nevertheless, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## IV. ANALYSIS

### A.    Delayed Discovery

As explained in the prior order, plaintiffs' state law causes of action accrued on the day decedent died, on May 20, 2006, unless plaintiffs allege facts satisfying the "delayed discovery rule." Order at 8 (citing Norgart v. Upjohn Co., 21 Cal. 4th 383, 404 (1999), Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005)).  Under this rule, a cause of action accrues "when the plaintiff has some reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action."  Fox, 35 Cal. 4th at 807. The "factual basis" does not include the identity of the defendant. "[F]ailure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of

6

1  action, whereas a like failure concerning the cause of action
2  itself does." Norgart, 21 Cal. 4th at 399.

3      At the time of death, plaintiffs knew of the injury and
4  suspected a wrongful cause, namely, the allegedly inadequate
5  medical care received at Butte County Jail.  FAC ¶¶ 8-9.
6  Plaintiffs insist that at this time, they had no reason to suspect
7  wrongful conduct by the CDCR employees.  Even so, California law
8  clearly states that where, as here, a person suspects any wrongful
9  cause, that person "must conduct a reasonable investigation of all
10 potential causes of that injury."  Fox, 35 Cal. 4th at 808-809.
11 Thus, because of their suspicion as to a wrongful treatment at
12 Butte County Jail, plaintiffs "must specifically plead facts to
13 show (1) the time and manner of discovery"  of the factual basis
14 of their claims against the CDCR  employees and "(2) the inability
15 to have made earlier discovery despite reasonable diligence."  Id.
16 at 808 (quoting McKelvey v. Boeing North American, Inc., 74 Cal.
17 App. 4th 151, 160 (1999)).

18     Despite the court's clear instruction regarding this
19 obligation, the FAC addresses these issues only indirectly.
20 Plaintiffs attempt to supplement the FAC by presenting additional
21 allegations and explanations in their opposition to the present
22 motion and accompanying declarations.  These additional materials
23 do little to clarify the matter, and plaintiffs had been informed
24 that all pertinent facts needed to be plead in the complaint.
25 Nonetheless, the court considers these materials here.

26     Plaintiffs argue that they discovered the basis of their claim

7

in October of 2007,[8] when their retained expert completed a preliminary review the then-available documents. Opp'n 8:18-21, 9:4-5.[9]  These documents were the death certificate, autopsy protocol (i.e., report), "Narrative of Death," and medical records from the Butte County Jail. Pari Decl. ¶ 3.  Chief among these was the autopsy report, which was the only document indicating decedent's esophogeal rupturing. Pardi Decl. ¶ 2.[10]  In addition, both the autopsy report and the narrative of death "recited 'four attempts at intubation,'" which Pardi explained were "two or three too many."  Id. ¶¶ 3-4, 14.

Notwithstanding the above, plaintiffs' opposition and accompanying declarations (but not the FAC) repeatedly allege that they did not discover the alleged ultimate mechanism of death, PEA,

---

[8] The court notes that plaintiffs' original complaint in this action, filed on June 7, 2007, asserts a cause of action against unnamed CDCR medical employees for wrongful death, Compl. ¶¶ 9, 18, 25.

[9] See also Opp'n at 5:24, FAC ¶ 47 (arguing that the action accrued in "the fall of 2007").  Plaintiffs' use of "Fall 2007" and "October 2007" reflects a general practice of providing few specific dates and occasionally providing inconsistent dates. Fox obliges plaintiffs to provide specific allegations supporting their claim of delayed discovery.  In an effort to construe the complaint in the light most favorable to plaintiffs, and to determine whether future amendment might cure defects in the existing complaint, the court has searched plaintiffs' complaint, opposition memorandum, and accompanying declarations to find whatever specific dates are available, using the most specific of such dates here.

[10] Plaintiffs explicitly state that neither the death certificate nor the narrative of death contained this information. Opp'n 9:15-17, Pardi Decl. ¶ 4.  Plaintiffs do not allege (and there is no reason to believe) that records of decedent's treatment at Butte County Jail contained information revealing esophogeal perforation occurring after decedent left the jail.

8

until July of 2008. Plaintiffs' theory of the relevance of this date is unclear. Information discovered in 2008 cannot have been the "factual basis" for the government tort claim filed on November 27, 2007, and plaintiffs explicitly argue that the basis for this claim had been discovered by October 2007. Nor does the PEA, which plaintiffs allege was caused by the botched intubation attempts and other mistreatment, provide a factual basis for a separate cause of action. Fox noted that "a diligent plaintiff's investigation may only disclose an action for one type of tort (e.g., medical malpractice) and facts supporting an entirely different type of tort action (e.g., products liability) may, through no fault of the plaintiff, only come to light at a later date." 35 Cal. 4th at 814. Here, the alleged "esophogeal rupturing" and "PEA" do not give rise to two such unrelated actions. Instead, plaintiffs' discoveries in 2008 merely provided additional facts supporting the claims put forth in the November 27, 2007 claim: to wit, medical malpractice and wrongful death. Plaintiffs' intentional infliction of emotional distress cause of action similarly arises out of this same conduct. FAC ¶¶ 49-50, 52. Withholding of information until 2008 is therefore irrelevant to plaintiffs' delayed discovery argument.

Although plaintiffs allege that they became aware of the factual basis for their claim in October 2007, less than six months before the claim was filed on November 27, 2007, plaintiffs fail to satisfy the second step of the Fox test, because they have not alleged facts indicating that this basis could not have been

9

1   discovered earlier through the exercise of reasonable diligence.

2   Plaintiffs received the autopsy protocol no later than September

3   of 2006.   Decl. of Ellen Dove, ¶ 3.[11]   Plaintiffs could have

4   discovered the esophogeal perforation and/or repeated intubation

5   attempts at this time.  Instead, plaintiffs' counsel chose not to

6   provide this document to a medical expert until June 18, 2007, and

7   that expert did not review this document until an unspecified time

8   following his summer vacation.  Pardi Decl. ¶¶ 3-4.  Accordingly,

9   even assuming that plaintiffs could not have acquired the autopsy

10  protocol or other evidence of the basis for their claims prior to

11  September 2006 (an assumption not supported by any allegations),

12  plaintiffs are not entitled to delayed discovery beyond this point.

13  Plaintiffs' causes of action accrued no later than September 2006.

14  **B.   Tolling**

15      Plaintiffs also continue to argue that their CDCR's alleged

16  intentional refusal to provide certain medical records until July

17  of 2008 amounted to concealment of the basis for plaintiffs' claims

18  and therefore warrants tolling of the claim filing period.  See,

19  e.g., Opp'n, 8:3-10.  Plaintiffs now emphasize that CDCR concealed

20  medical records containing information in addition to the names of

21  the employee defendants, whereas plaintiffs' argument in support

22  of the TAC concerned concealment of the employees' identities.

23      This argument falters for the same reasons set out in this

24

25      [11] See also FAC ¶ 45 ("Plaintiff's best recall is she received
    the Autopsy Protocol some time between August and October, 2006."
26  [sic]).

10

court's February 19, 2009 order.  Plaintiffs do not allege that CDCR concealed or delayed their access to the autopsy report or narrative of death, the documents that actually informed plaintiffs of the basis for their claims.  Plaintiffs discovered the basis for their claims in October of 2007 notwithstanding any concealment, and plaintiffs actually filed a claim on November 27, 2007.  As explained above, plaintiffs could have discovered this information in September of 2006.  Concealment, however blameworthy, cannot provide a basis for either delayed accrual or tolling when plaintiffs are otherwise able to discover the basis of their claims.  <u>Bernson v. Browning-Ferris Industries</u>, 7 Cal. 4th 926, 931 (1994) (citing <u>Sanchez v. South Hoover Hospital</u>, 18 Cal. 3d 93, 99 (1976)).   Plaintiffs were not required to identify particular employees in their government claim, and in fact filed a claim without doing so.   Thus, notwithstanding any concealment, plaintiffs are not entitled to any tolling of the claim filing period.  Plaintiffs' claims accrued no later than September 2006, and the one year period for filing a late claim expired no later than September 2007, two months before plaintiffs' claim was filed.

## IV. CONCLUSION

Plaintiffs' FAC does not cure the problems identified in the TAC.  The FAC does not specifically allege facts indicating that plaintiffs' government tort claim was timely under the delayed discovery rule or any form of estoppel or tolling.

Plaintiffs have demonstrated that further amendment would be futile.  Amendment is futile where it would not be possible to

11

amend a complaint to cure an identified deficiency "without contradicting the allegations of [the] original complaint." <u>Reddy v. Litton Indus.</u>, 912 F.2d 291, 296 (9th Cir. 1990). Here, the alleged facts (as well as facts presented in sworn declarations) indicate that the factual basis of plaintiffs' government tort claim was discoverable more than a year before the claim was filed.

For the reasons stated above, defendant's motion to dismiss (Doc. No. 97) is GRANTED. Plaintiffs' second, third, sixth, and seventh causes of action are DISMISSED WITH PREJUDICE as to the defendant CDCR employees (T. Marton, M. Marlow, C. Mayo, Shannon Martin, Melody French, G. James, and Roger Cox).

IT IS SO ORDERED.

DATED: May 5, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12