UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA M. HAGAN as
Personal Representative
and as GUARDIAN AD LITEM
for CONNOR HAGEN, a minor,

        NO. CIV. S-07-1095 LKK/DAD

    Plaintiff,

  v.

        O R D E R

CALIFORNIA FORENSIC MEDICAL
GROUP, COUNTY OF BUTTE, and
Does 1-100,

    Defendants.
_____/

The court believes that plaintiffs' un-opposed Motion To Approve Petition for Minor's Compromise, and their request to seal the Petition, can be decided without oral argument. Accordingly, the October 1, 2012 hearing date is **VACATED**. For the reasons set forth below, the court will deny the request to seal the Petition, and deny the Motion To Approve the Petition.

**I. BACKGROUND**

Plaintiffs are Connor Hagan, a minor, by and through his Guardian Ad Litem Christina M. Hagan (Connor's mother), and Ms.

1

Hagan herself.[1]  Plaintiffs allege that they are the son and the widow, respectively, of decedent Michael Christopher Hagan. According to the Complaint, decedent: was incarcerated at the Butte County Jail, where he was denied medication (Prednisone) needed to treat his asthma; was later transferred to the High Desert State Prison, where he was inadequately treated by incompetent staff; and was eventually flown – much too late – to a hospital, where he died.

Defendant California Forensic Medical Group advised the court that it had reached a settlement with Ms. Hagan and with the minor child (Dkt. No. 132).  This court accordingly ordered plaintiffs' counsel to file a Petition for approval of the minor's compromise (Dkt. No. 133).

**II.   REQUEST TO SEAL THE PETITION**

Plaintiffs' counsel, Ellen C. Dove, Esq.,[2] did not file a Petition seeking approval of the minor's compromise.  Instead, counsel filed a one-paragraph "Request for Order Sealing Petition To Approve Settlement of Claims of Minor" (Dkt. No. 136), and provided a copy of the Petition directly to Chambers.  Counsel's

---

[1] The caption of the Fourth Amended Complaint ("Complaint") confusingly identifies Ms. Hagan as "Personal Representative and as Guardian Ad Litem for Connor Hagan," but not as a plaintiff in her own right.  The body of the Complaint, however, identifies Ms. Hagan as a plaintiff.  Complaint ¶ 1.

[2] Plaintiffs' counsel is referred to E.D. Cal. R. ("Local Rule") 131(a) (counsel identification), which requires her to identify herself by her actual California State Bar Number.  The number identified on counsel's current filings – "SBN 06434" – appears to be that of a deceased attorney.

2

explanation for the sealing request is:

> This is a private matter and not the concern of anyone not a party to this action. Plaintiff, CONNER[3] HAGAN, by his Guardian ad Litem is concerned about the risk of interference and identity theft potential for a public filing electronically.

Counsel represents that defendants "expressed no opposition to this request," however, defendants have filed no documents in support of, in opposition to, or taking no position on, the sealing request.

Since plaintiffs have chosen to file this case in federal court, they must satisfy the applicable federal standards for sealing documents.[4] In fact, plaintiffs have offered no legal basis for sealing the Petition, nor any theory for sealing it

---

[3] Plaintiffs' papers most often refer to the minor child as "Connor," but sometimes as "Conner."

[4] Plaintiffs have asserted one federal claim, under 42 U.S.C. § 1983 (Complaint ¶¶ 13-15), and eight state law claims for wrongful death, medical malpractice, deliberative indifference, infliction of emotional distress, fraud and breach of contract (Complaint ¶¶ 16-70).

In an apparent attempt to bolster their federal court bona fides, plaintiffs claim federal question jurisdiction based upon their claim under "42 USC 1979 (Civil Rights Act [sic] of Institutionalized Persons Act)." However: (1) Title 42 of the United States Code contains no section numbered 1979; (2) The legislation plaintiff apparently is referring to is the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. §§ 1997-1997j; and (3) CRIPA does not provide a private right of action. McRorie v. Shimoda, 795 F.2d 780, 782 (9th Cir. 1986) ("We affirm the district court dismissal of this claim because 42 U.S.C. § 1997j precludes a private cause of action under these sections"). The court appears to have jurisdiction, however, because plaintiffs also assert federal question jurisdiction based upon their 42 U.S.C. § 1983 claim.

beyond privacy concerns that would apply in every single case.[5] Federal courts, and the Ninth Circuit in particular, recognize the public's "'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006), quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 & n. 7 (1978).

Plaintiffs' counsel is referred to the court's Local Rules and Ninth Circuit law on sealing documents, for information on how to overcome the federal presumption in favor of public filings. See, e.g., E.D. Cal. R. 141 (sealing of documents) & 141.1 ("All information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with L.R. 141"). In short, plaintiffs must convince this court with something other than their belief that the Petition is no one else's business. Since plaintiffs have not done so, their request to seal the Petition will be denied.

**III.     CONCLUSION**

For the reasons set forth above:

1. Plaintiffs' sealing Request (Dkt. No. 136) is **DENIED** without prejudice to the filing of a properly supported motion; and

2. Plaintiffs' Un-opposed Motion to Approve Minors' Compromise (Dkt. No. 135), is **DENIED** without prejudice to its

---

[5] Plaintiffs' counsel is referred to Local Rule 140 (privacy concerns and redaction), for this court's procedures on dealing with privacy concerns.

4

renewal when accompanied by a publicly filed Petition, or a Petition that is properly subject to sealing.[6]

IT IS SO ORDERED.

DATED: September 24, 2012.

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6] The court has reviewed the proposed Petition, and cautions plaintiffs that the Petition (which in addition to its other failings, contains typographical, numbering and formatting errors making the document difficult to read, and impossible to decipher in some points), would not be granted in its current form, even if were publicly filed. This court has a duty to protect the interests of minors participating in litigation before the court, Salmeron v. U.S., 724 F.2d 1357, 1363 (9th Cir. 1983), and must "determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (internal quotations omitted). The court's inquiry focuses on an evaluation of "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, <u>and recovery in similar cases</u>." Ribodoux, 638 F.3d at 1182 (emphasis added).

Plaintiffs' counsel is referred to Local Rule 202(b), relating to the compromise of a minor's claim. If plaintiffs re-submit their Petition, it must comply with this rule and with federal law. Among other things, the Petition may include citations to jury verdicts and/or settlements in comparable cases sufficient to allow this court to properly evaluate the settlement. See E.D. Cal. R. 202(b)(2) (motion for approval of minor's compromise must contain, among other things, "such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise"). The proposed Petition, as submitted to Chambers, contains <u>no information</u> about recoveries in comparable cases.