```
                    UNITED STATES DISTRICT COURT

               FOR THE EASTERN DISTRICT OF CALIFORNIA
```

CHRISTINA M. HAGAN as
Personal Representative
and as GUARDIAN AD LITEM
for CONNOR HAGEN, a minor,

                                NO. CIV. S-07-1095 LKK/DAD

    Plaintiff,

  v.

                                     O R D E R

CALIFORNIA FORENSIC MEDICAL
GROUP, COUNTY OF BUTTE, and
Does 1-100,

    Defendants.
_____/

    The court previously denied plaintiffs' request to approve the minor's compromise because it was submitted under seal, with no basis for sealing it, and it did not make any attempt to determine if the settlement was fair in comparison to comparable cases.

**I.    BACKGROUND**

    Plaintiffs are Connor Hagan, a minor, by and through his Guardian Ad Litem Christina M. Hagan (Connor's mother), and Ms.

////

////

Hagan herself.[1]  Plaintiffs allege that they are the son and the widow, respectively, of decedent Michael Christopher Hagan. According to the Complaint, decedent: was incarcerated at the Butte County Jail, where he was denied medication (Prednisone) needed to treat his asthma; was later transferred to the High Desert State Prison, where he was inadequately treated by incompetent staff; and was eventually flown – much too late – to a hospital, where he died.

Defendant California Forensic Medical Group advised the court that it had reached a settlement with Ms. Hagan and with the minor child.  The court accordingly ordered plaintiffs' counsel to file a Petition for approval of the minor's compromise.  That motion, and the accompanying request to seal the motion, were denied, without prejudice to their renewal in proper form.  Plaintiffs have now renewed the motion to approve the compromise with defendant California Forensic Medical Group, Inc. ("CFMG").  Defendant CFMG has filed no opposition, nor any Statement of Non-Opposition.[2]

**II. MOTION TO APPROVE MINOR'S COMPROMISE**

This court has a duty to protect the interests of minors participating in litigation before the court.  <u>Salmeron v. U.S.</u>, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the

---

[1] The caption of the Fourth Amended Complaint ("Complaint") confusingly identifies Ms. Hagan as "Personal Representative and as Guardian Ad Litem for Connor Hagan," but not as a plaintiff in her own right.  The body of the Complaint, however, identifies Ms. Hagan as a plaintiff.  Complaint ¶ 1.

[2] CFMG joined the earlier motion to approve the compromise.

2

1  court must "conduct its own inquiry to determine whether the
2  settlement serves the best interests of the minor." <u>Robidoux v.
3  Rosengren</u>, 638 F.3d 1177, 1181 (9th Cir. 2011) (internal quotations
4  omitted).  The court's inquiry focuses solely on an evaluation of
5  "whether the net amount distributed to each minor plaintiff in the
6  settlement is fair and reasonable, in light of the facts of the
7  case, the minor's specific claim, and recovery in similar cases."
8  <u>Ribodoux</u>, 638 F.3d at 1182.[3]

9       This time around, plaintiffs' counsel, Ellen C. Dove, Esq.,
10 publicly filed a Petition seeking approval of the minor's
11 compromise.  The petition was required to include citations to jury
12 verdicts and/or settlements in comparable cases sufficient to allow
13 this court to properly evaluate the settlement.  <u>See</u> E.D. Cal. R.
14 202(b)(2) (motion for approval of minor's compromise must contain,
15 among other things, "such additional information as may be required
16 to enable the Court to determine the fairness of the settlement or
17 compromise").  However, the petition does not contain the required
18 citations, and does not even assert that the settlement is fair and
19 reasonable.

20      Despairing of any assistance from counsel, the court has
21 conducted its own research into the matter.  It appears that the
22 proposed settlement is fair and reasonable in light of the facts
23 of the case as alleged, the claims, the risks of trial, and results

---

[3] This evaluation must be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel."  <u>Ribodoux</u>, 638 F.3d at 1182.

in comparable cases.[4]

**III.     CONCLUSION**

The proposed minor's compromise is APPROVED.

IT IS SO ORDERED.

DATED: November 1, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] In a very comparable case out of this district, in which decedent prisoner's family alleged Section 1983 violations, wrongful death and medical malpractice, decedent's family settled for $100,000. Estate of Gautier v. Hickman, Civ. No. 2:7-cv-390-GGH (E.D. Cal. August 15, 2008). In an arguably comparable case alleging wrongful death (suicide) following medical malpractice, decedent prisoner's family was awarded a verdict of $75,000. Estate of Turner v. County of San Diego, 6-cv-247-MLH (S.D. Cal. November 15, 2007). Some comparable cases resulted in large verdicts, and others in zero verdicts. See, e.g. Macon v. City & County of San Francisco, 6-cv-4904-SI (N.D. Cal. August 17, 2007) ($225,000 verdict for decedent prisoner's family, for Section 1983, wrongful death and medical malpractice claim); Van Horn v. Heinrich, 8-cv-1622-LJO (E.D. Cal. July 9, 2010) ($0 for prisoner mother for death of her child during child-birth, alleging Section 1983, medical malpractice and wrongful death).

4