IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. HAGAN as Personal Representative and as GUARDIAN AD LITEM for CONNOR HAGAN, a minor,<br><br>            Plaintiffs,<br><br>      v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, COUNTY OF BUTTE,<br><br>            Defendants.<br>_____/ | Case No. 2:07-cv-1095 LKK AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on February 1, 2013, for a hearing on plaintiffs' motion to approve compromise of minor's claims. (Doc. No. 159.) Ellen Dove, Esq. appeared for plaintiffs. Supervising Deputy Attorney General Alberto Gonzalez, Esq. appeared telephonically for the settling state defendants. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that plaintiffs' motion to approve compromise of minor's claims be granted.[1]

---

[1] Plaintiffs Christina Hagan and Connor Hagan were also present at the February 1, 2013 hearing. All parties in attendance at the hearing approved of and endorsed the proposed compromise of minor's claims.

1

BACKGROUND

Plaintiffs are Connor Hagan, a minor, by and through his Guardian Ad Litem Christina M. Hagan (Connor's mother), and Christina M. Hagan herself. Plaintiffs allege that they are the son and the widow, respectively, of decedent Michael Christopher Hagan. According to the complaint, decedent was incarcerated at the Butte County Jail, where he was denied medication (Prednisone) needed to treat his asthma, was later transferred to the High Desert State Prison, where he was inadequately treated by medical staff, and was eventually flown, although far too late, to a hospital, where he died.

On December 27, 2012, counsel for the plaintiffs and the state defendants appeared before the undersigned for a settlement conference at which time a settlement agreement was reached.[2] (Doc. No. 158.) On January 10, 2013, plaintiffs' counsel filed a motion to approve compromise of minor's claims. (Doc. No. 159.) On January 15, 2013, the assigned District Judge referred plaintiff's motion to approve minor compromise to the undersigned for Findings and Recommendations. (Doc. No. 161.)

LEGAL STANDARD

This court has a duty to protect the interests of minors participating in litigation before the court. Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (internal quotations omitted). The court's inquiry focuses solely on an evaluation of "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Ribodoux, 638 F.3d at 1182. This evaluation must be made "without regard to the proportion of the total

---

[2] Plaintiffs previously reached a settlement agreement with respect to their claims against defendant California Forensic Medical Group. By order filed November 2, 2012, the assigned District Judge approved the proposed minor's compromise with respect to that aspect of the settlement. (Doc. No. 150.)

settlement value designated for adult co-plaintiffs or plaintiffs' counsel." Id.

ANALYSIS

Here, the proposed minor's compromise before the undersigned would result in a net amount of $15,000 distributed to minor Connor Hagan in the form of an annuity. (Doc. No. 159 at 2, 5.) According to the proposed order submitted by plaintiff's counsel, Connor Hagan will be guaranteed a lump sum payment from that annuity of $17,571.26 on February 20, 2023, when he reaches the age of eighteen. (Doc. No. 160.)

The undersigned, having presided over the settlement conference in question and being familiar with the factual allegations of this actions, finds that the net amount of the proposed settlement to be distributed to the minor, Connor Hagan, is fair and reasonable in light of the facts of the case, Connor Hagan's specific claims, and recoveries in similar cases. See Doe ex rel. Scott v. Gill, Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW, 2012 WL 1939612 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a § 1983 case involving the shooting and killing of plaintiff's mother by police officers); Swayzer v. City of San Jose, No. C10-03119 HRL, 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of $2,054.17 in a § 1983 case involving the alleged wrongful death of plaintiff's father during his arrest); see also Estate of Lopez v. Fresno Community Hosp., No. 1:07cv0752 AWI DLB, 2010 WL 502704 (E.D. Cal. Feb. 8, 2010) (approving minor's compromise for net amount of $16,601.92 in case involving death of plaintiff's mother); De Aguilar v. Northern Railroad Passenger Corp. ("Amtrak"), No. 1:02-cv-6527 LJO GSA, 2009 WL 1035221 (E.D. Cal. Apr. 17, 2009) (approving minor's compromise for net amount of $10,618.23 in case involving death of minor plaintiff's step-father).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' January 10, 2013 motion to approve compromise of minor's claims (Doc. No. 159) be granted.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within one day
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.³  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within one day after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: February 5, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

14  DAD:6
Ddad1\orders.civil\hagan1095.oah.020113

---

³ At the February 1, 2013 hearing the parties, at plaintiffs' request, stipulated to having the objection periods shortened to one day in connection with the pending motion.

4