UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA M. HAGAN as
Personal Representative
and as GUARDIAN AD LITEM
for CONNOR HAGEN, a minor,

        Plaintiff,

   v.

CALIFORNIA FORENSIC MEDICAL
GROUP, COUNTY OF BUTTE, and
Does 1-100,

        Defendants.
_____/

NO. CIV. S-07-1095 LKK/DAD

O R D E R

    Plaintiffs have submitted requests to dismiss Claes U. Svendsen, M.D., Glenn James, M.D., Drae Garbutt (or "Garbut"), RN, Melody French, FNP, Michelle B. Marlow, RN, Tammy L. Barton, RN, Shannon Martin, RN, MTA Mayo and MTA Bates.  ECF Nos. 170 & 171.

    All the claims pled against defendants James, French, Marlow, Barton and Martin were dismissed with prejudice on May 5, 2009 (ECF No. 104).  Since these defendants are already dismissed from this lawsuit, there is no need to do so again.

    The remaining listed defendants, Svendsen, Garbutt (or

1

"Garbut") and Bates, have all answered the Fourth Amended Complaint (ECF Nos. 105 & 109).  Since the parties have not submitted a stipulation of dismissal, see Fed. R. Civ. P. 41(a)(1)(A)(ii), the defendants may be dismissed only by order of this court, on terms it deems proper.  Fed. R. Civ. P. 41(a)(2); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990) ("Once the defendant has filed a summary judgment motion or answer, the plaintiff may dismiss the action only by stipulation, ... or by order of the court, "upon such terms and conditions as the court deems proper").

No defendant has filed any objection to the requests for dismissal, nor requested any terms to be imposed upon the dismissal, and therefore, the court will not impose any terms.[1]

Accordingly:

1.   The remaining defendants in this case, Svendsen, Garbutt (or "Garbut"), and Bates are hereby **DISMISSED WITH PREJUDICE**;

2.   The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED:  March 28, 2013.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] In requesting the dismissal of Mayo (who has already been dismissed), and Bates, plaintiffs request that the court "stay entry of the order of dismissal pending receipt of the settlement proceeds by the plaintiffs."  ECF No. 171.  Plaintiffs were free to request an order continuing the date dispositional documents were due, but they failed to do so.  The request is denied.